IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DRAGON QUEST PRODUCTIONS, LLC,

               Plaintiff,                 Civil No. 12-6611 (JHR/AMD)

     v.

JOHN DOES 1-100,

               Defendant.

---

R&D FILM 1, LLC,

               Plaintiff,                 Civil No. 12-6633(NLH/AMD)

     v.

JOHN DOES 1-40,

               Defendants.

---

R&D FILM 1, LLC,

               Plaintiff,                 Civil No. 13-482 (NLH/AMD)

     v.

JOHN DOES 1-28,

               Defendants.

---

R&D FILM 1, LLC,

               Plaintiff,                 Civil No. 13-483 (NLH/AMD)

     v.

JOHN DOES 1-103,

               Defendants.

```
R&D FILM 1, LLC,

              Plaintiff,              Civil No. 13-484 (NLH/AMD)

       v.

JOHN DOES 1-104,

              Defendants.
```

```
R&D FILM 1, LLC,

              Plaintiff,              Civil No. 13-485 (NLH/AMD)

       v.

JOHN DOES 1-105,

              Defendants.
```

```
R&D FILM 1, LLC,

              Plaintiff,              Civil No. 13-486 (NLH/AMD)

       v.

JOHN DOES 1-31,

              Defendants.
```

```
R&D FILM 1, LLC,
                                      Civil No. 13-487 (NLH/AMD)
              Plaintiff,

       v.

JOHN DOES 1-28,

              Defendants.
```

<u>**MEMORANDUM OPINION AND ORDER**</u>

Presently before the Court are seven separate cases filed by R&D Film 1, LLC against a number of John Doe defendants asserting allegations of copyright infringement with respect to the same motion picture and one case filed by Dragon Quest Productions, LLC asserting allegations of copyright infringement with respect to a different motion picture.  All eight cases were filed by the same attorney with virtually identical complaints.  The number of defendants in each case varies from 28 in Civil No. 13-482 to 105 in Civil No. 13-485.  Plaintiffs assert that Defendants have infringed Plaintiffs' copyrights by using an online media distribution system, referred to by Plaintiffs as the "BitTorrent Protocol," to distribute and make available to distribute the motion pictures at issue.  Plaintiffs acknowledge in the complaints that each Defendant is only known by an internet protocol "IP" address and provides an exhibit to each complaint that sets forth the date and time at which the infringing activity is alleged to have occurred.  A number of courts have recently addressed whether in such situations joinder of John Doe defendants is appropriate.  For the reasons that follow, the Court finds that joinder of the Defendants is not appropriate under Rule 20(a) of the Federal Rules of Civil Procedure.

Plaintiffs filed the complaints in these actions on

October 19, 2012, October 22, 2012, and January 24, 2013.[1]  In each complaint filed by R&D Film 1, LLC, Plaintiff alleges that Defendants infringed upon Plaintiff's copyright by downloading and sharing copies of "*The Divide*" through the BitTorrent protocol. (See, e.g., Compl. in 12-6633 [Doc. No. 1] ¶ 3.)  In the complaint filed by Dragon Quest Productions, LLC, Plaintiff alleges that Defendants infringed upon Plaintiff's copyright by downloading and sharing copies of "*Age of Dragons*" through the BitTorrent protocol. (Compl. in 12-6611 [Doc. No. 1] ¶ 3) (hereinafter, the copyrighted works shall be referred to collectively as the "Motion Pictures").) Plaintiffs assert that the BitTorrent protocol allows a user to download separate small segments of data from different users that when compiled together create a full copyrighted work. (Pl.'s Opening Br. in Supp. of Mot. for Expedited Discovery in 12-6633 [Doc. No. 5-1] (hereinafter, "Pl.'s Br."), 4.[2])

Plaintiffs further assert that the process starts when the "initial file-provider intentionally elects to share a file with a torrent network."  (Compl. in 12-6633 ¶ 3.)  This initial

---

1.  The complaint in Civil No. 12-6611 was filed on October 19, 2012.  The complaint in Civil No. 12-6633 was filed on October 22, 2012.  The remaining complaints were filed on January 24, 2013.

2.  The Court notes that a motion for expedited discovery has only been filed in Civil No. 12-6633 and Civil No. 12-6611. However, as the same attorneys represent Plaintiffs in each case, and as the complaints are almost identical in each case, the Court shall consider the statements of Plaintiff, Plaintiff's counsel, and Plaintiff's investigator made in Civil No. 12-6633 and Civil No. 12-6611 to be equally applicable to all cases addressed in this Order.

file is known as the seed file. (Id.) In support of its application for expedited discovery, Plaintiffs submit the declaration of Darren M. Griffin who states that he is a "data supply expert" with a firm engaged by Plaintiff to monitor and stop the infringing activity of the John Doe Defendants.  (Declaration of Darren M. Griffin in Supp. of Mot. for Expedited Disc. in 12-6633 [Doc. No. 5-2] (hereinafter, "Griffin Declaration") ¶¶ 1-3.)  Mr. Griffin states that "each participating peer intentionally obtained a torrent file for the Motion Picture from a BitTorrent or torrent website[,]" and that "[e]ach peer then loaded that torrent file into a computer program that reads such files." (Id. ¶ 10.)  Mr. Griffin further asserts that "[o]nce loaded, the BitTorrent program employed a protocol to initiate simultaneous connections to hundreds of other peers possessing and sharing copies of the Motion Picture described in the file." (Id.)  Mr. Griffin additionally states that "[a]s the film was copied to the peers' computers piece by piece, the downloaded pieces were immediately available to others seeking the file." (Id. ¶ 11.)  Mr. Griffin asserts that each torrent file has its own unique "hash identifier" that acts as a "'roadmap[]' to the address of other users who are sharing these media files and specifics about those media files." (Id. ¶ 12.)  Plaintiffs further assert that a group of users sharing a particular file with a specific hash identifier is defined as a "swarm" and that the users in a specific swarm are "collectively connected to share the particular hash file." (Pl.'s Br. 4.)

In each case, Plaintiffs assert in the respective complaints that the John Does are members of a specific swarm sharing segments of a file that comprise the Motion Pictures. (Comp. ¶ 12.) Plaintiffs assert that based on the John Does' use of the BitTorrent software, "Defendants are engaged in a joint act of infringement [because] each Doe Defendant used BitTorrent and participated in the same swarm to copy and reproduce the Motion Picture[s] resulting in its unauthorized dissemination." (Pl.'s Br. 9.) Plaintiffs' expert asserts that through the use of "specially designed software" he identified the John Doe Defendants as infringing on Plaintiffs' copyright for the Motion Pictures and confirmed this infringement by downloading a portion of the Motion Pictures file from each John Doe Defendant. (Griffin Certification ¶¶ 16-17.)

On February 13, 2013, the Court issued Orders to Show Cause in each case requesting Plaintiffs to address whether all John Doe Defendants except John Doe 1 in each case should be severed. (See, e.g., Order to Show Cause in 12-6633 [Doc. No. 6] Feb. 13, 2013.)[3] In response to the Orders to Show Cause, Plaintiffs assert that the use of the BitTorrent protocol to download and upload the copyrighted work constitutes a series of transactions or occurrences as required for joinder under FED. R.

_____

3.  The Court held a show cause hearing on March 6, 2013 with Stamatios Stamoulis, Esquire, and R. Touhey Myer, Esquire, appearing on behalf of Plaintiffs R&D Films 1, LLC and Dragon Quest Productions, LLC.  Following oral argument, the Court permitted supplemental briefing.  Plaintiff filed a supplemental brief on March 18, 2013.

CIV. P. 20(a)(2).  (Pl.'s Response to Order to Show Cause in 12-6633
[Doc. No. 7] (hereinafter, "Pl.'s Response"), 4-6.)[4]  Plaintiffs
claim that common issues of law and fact exist as to all Defendants
due to the manner in which Defendants downloaded the respective
work. (Id. at 6-7.) Additionally, Plaintiffs assert that Rule
20(a)(2)(A) is met because the complaints allege that Defendants
are jointly and severally liable for the alleged copyright
infringement. (Id. at 3.) Although the exhibits demonstrate that
individual John Doe Defendants distributed segments at different
times, Plaintiffs argue that the timing of the alleged infringing
activity does not preclude joinder.  Rather, Plaintiffs argue that
a BitTorrent user may share a particular file long after the user
actually downloaded the file. (Id. at 7-9.) Plaintiffs further
assert that Rule 20(a)(2)(B) is met because in each case,
"Plaintiff will have to establish against each putative defendant
the same legal claims concerning the validity of the copyrights in
the movies at issue and the infringement of the exclusive rights
reserved to the plaintiffs as copyright holders." (Id. at 7.)
Finally, Plaintiffs assert that joinder in this case would promote
judicial efficiency. (Id. at 7, 9-10.)

        Federal Rule of Civil Procedure 20 provides in relevant
part that defendants may be joined in a single action if "any right

---

4.  Plaintiff's counsel filed a response to the Order to Show
Cause and a supplemental brief in Civil No. 12-6633.  As this was
the only response or supplemental briefing filed in any of the
eight cases, the Court shall consider these submissions as
applying to all eight cases.

to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A)[5].  Additionally, there must be a question of law or fact common to all defendants.  FED. R. CIV. P. 20(a)(2)(B).  Under Federal Rule of Civil Procedure 21, misjoinder does not serve as a ground for dismissal of an action; rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  FED. R. CIV. P. 21.[6]

---

5.  Plaintiffs do not assert that joinder is required under Federal Rule of Civil Procedure 19.

6.  In addressing the difference between severing and dismissing a party, the Third Circuit stated:

> To remedy misjoinder . . . a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped "on such terms as are just"; or (2) any claims against misjoined parties "may be severed and proceeded with separately." Fed.R.Civ.P. 21.
>
> The effect of each option is quite different. When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979); see also Elmore v. Henderson, 227 F.3d 1009, 1011-12 (7th Cir. 2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotation marks omitted). But when a court "severs" a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. White v. ABCO Eng'g Corp., 199 F.3d 140, 145 n. 6 (3d Cir. 1999); Elmore, 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. Id.

In examining whether joinder is appropriate, the Third Circuit has noted that "[f]or courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009)(quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).  The Eighth Circuit stated in Mosley v. Gen. Motors Corp. that joinder permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding [and that] [a]bsolute identity of all events is unnecessary." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). However, "'[p]ermissive joinder rests within the sound discretion of the court, who must determine whether the proposed joinder comport[s] with the principles of fundamental fairness.'"  Malibu Media, LLC v. John Does No. 1-30, No. 12-3896, 2012 WL 6203697, at *8 (D.N.J. Dec. 12, 2012)(hereinafter, "Malibu Media 1-30")(quoting New Jersey Mach., Inc. v. Alford Indus., Inc., 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991)).  "'[S]everance of parties where joinder is not required is committed to the court's discretion if it finds that the objectives

---

DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006)(footnote omitted).  Because the Court here is severing Plaintiffs' claims, the claims are continuing, albeit "in another guise."  Id. Consequently, the Court finds this Order to be non-dispositive and therefore does not issue a report and recommendation.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a);  see also Third Degree Films v. Does 1-36, No. 11-cv-15200, 2012 WL 2522151, at *1 n.1 (E.D. Mich. 2012)(magistrate judge addressing and denying motion to quash or modify a subpoena and to sever by way of opinion and order and citing several cases where courts have found motions to sever to be non-dispositive.)

of the rule are not fostered, or that joinder could result in prejudice, expense, or delay.'" Id. (quoting Raw Films, 2012 WL 1019067, at *3); see also 7 CHARLES ALAN WRIGHT, et al., FED. PRACTICE & PROCEDURE § 1652 (3d ed. 2001).

Courts have reached different decisions on whether joinder is appropriate in cases against multiple John Does for copyright infringement in connection with the use of the BitTorrent protocol. See, e.g., Malibu Media 1-30, 2012 WL 6203697 (permitting joinder); Malibu Media, LLC v. John Does 1-5, 285 F.R.D. 273 (S.D.N.Y. 2012)[hereinafter, "Malibu Media 1-5"] (permitting joinder); Malibu Media, LLC v. John Does 1-22, No. 12-5091, 2013 WL 1704291 (D.N.J. Apr. 19, 2013)(severing and dismissing all defendants other than John Doe #1); Amselfilm Prods. GMBH & Co. KG v. Swarm 6a6dc, No. 12-3865, 2012 U.S. Dist. Lexis 186476, (D.N.J. Oct. 10, 2012)(finding joinder to be inappropriate and severing the defendants); Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165 (S.D.N.Y. 2012)[hereinafter "Next Phase 1-27"] (not deciding whether joinder was proper, but severing the defendants based on practical considerations). As noted in Next Phase 1-27, "[t]he fact that multiple courts, in well-reasoned opinions, have arrived at opposing conclusions suggests that there is no clearly correct answer to this question." 284 F.R.D. at 169.

Cases rejecting joinder have concluded that the BitTorrent technology does not support a finding required under Rule 20 of a same transaction or occurrence or series of transactions or occurrences. For example, in Amselfilm, the

10

district court found joinder to be inappropriate stating that "[w]hile this [c]ourt appreciates that those who participate in the same swarm are virtually 'connected' by the same copyrighted work, this [c]ourt is not convinced that the purported instances of distribution . . . are a part of the same transaction, particularly because they span across various dates and times." 2012 U.S. Dist. Lexis 186476, at *3 n.3.  Additionally, the Amselfilm court noted that while the parties may be in the swarm by virtue of the hash identifier, "it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time" and that "[w]ithout more connecting them, 187 defendants who have distributed pieces of the work at different times cannot be permissibly joined in this case." Id. at 4 n.3. The Amselfilm court additionally stated that joinder of 187 defendants would be "inefficient, chaotic, and expensive," and that it would be "physically impossible for every party to appear in court should they so choose" and that joinder would be a strain on judicial resources. Id. at  5 n.4, 6. Based on the above reasoning, the Amselfilm court severed and dismissed without prejudice all defendants other than John Doe defendant 1.  Id. at 6-7; accord Third Degree Films, Inc. v. John Does 1-110, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)[hereinafter, "Third Degree 1-110"](agreeing with the Court's holding in Amselfilm and denying without prejudice the request for discovery as to John Does 2-110 "in contemplation of severance and dismissal," but not severing because the issue was not then before the court).

A number of other cases have similarly found joinder to be inappropriate.  In Malibu Media, LLC v. John Does 1-39, No. 12-6945, Doc. No. 23 (D.N.J. Mar. 28, 2013) [hereinafter, "Malibu Media 1-39"] the court "revisited" its prior holding in a separate case finding joinder proper and followed the holdings in Amselfilm and Patrick Collins v. John Doe 1-43, No. 12-3908, 2013 U.S. Dist. LEXIS 46369 (D.N.J. Feb. 15, 2013) [hereinafter "Patrick Collins 1-43"] (severing Doe defendants 2-41).  Based on the reasoning in Amselfilm, the Malibu Media 1-39 court found that there was an insufficient connection between the John Doe defendants to meet the requirements of Rule 20(a)(2) and noted that "its ability to efficiently manage the pretrial phase of this action with the present number of defendants could be compromised by permitting joinder, causing a strain on judicial resources." Malibu Media 1-39, No. 12-6945, Doc. No. 23, at 2.  The court therefore severed and dismissed all defendants except John Doe 1.  Id. at 3. Likewise, in Third Degree Films, Inc. v. Does 1-131, 280 F.R.D. 493 (D. Ariz. 2012) [hereinafter, "Third Degree 1-131"] the District Judge held that the requirements for joinder had not been met.

Courts have also found severance appropriate based on several discretionary factors.  For example, in Third Degree Films 1-131, the court stated that even if joinder was appropriate under Rule 20, joinder would be inappropriate because:

> [e]ach [d]efendant may have different factual and legal defenses, and would then file completely unrelated motions that the [c]ourt would have to resolve within the context of one case. Simply associating the correct response and reply to each motion could take significant

time before even reaching the merits of potentially
unrelated defenses. Further, scheduling and conducting
hearings and discovery disputes among 132 parties would
be almost impossible. Additionally, during discovery,
each [d]efendant, who might appear pro se and not be an
e-filer, would be forced to serve paper copies of all
filings on all other parties, and would have the right to
be present at all other parties' depositions, all of
which would be a significant burden on each [d]efendant
litigant. Also, because of the potential prejudice to
each unrelated [d]efendant, the [c]ourt likely would not
undertake to conduct a trial for all 131 [d]efendants at
the same time. Thus, the [c]ourt would effectively sever
these cases for trial, and conduct over a hundred
separate trials with different witnesses and evidence,
eviscerating any "efficiency" of joinder. Finally, all of
these issues would certainly needlessly delay the
ultimate resolution of any particular [d]efendant's case,
which again weighs against efficiency and the opportunity
for the [d]efendant to receive a prompt resolution of his
or her case. As a result, having considered the
fundamental fairness to the parties, and the management
issues for the [c]ourt, applying this discretionary
standard, the [c]ourt alternatively finds joinder is not
warranted.

Id. at 498-99 (footnotes omitted). Similarly, in Next Phase 1-27,
the court noted that it is very likely that each John Doe defendant
will assert different defenses, that the court would be forced to
address different defenses, motions, and discovery disputes unique
to each defendant, which would become complicated and unmanageable.
Next Phase 1-27, 284 F.R.D. at 169-70. Moreover, the court in Next
Phase 1-27 noted that "it is conceivable that several John Does
identified in this case did not actually download the Motion
Picture" and that even if the John Doe defendant did not download
the movie in question, due to the pornographic nature of the movie,
some of those John Doe defendants may feel compelled to settle the

lawsuit confidentially in order to avoid embarrassment.[7]  Id. at
170 (citing Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 242
(S.D.N.Y. 2012) ("'Plaintiff's counsel estimated that 30% of the
names turned over by ISPs are not those of individuals who actually
downloaded or shared copyrighted material.")).  Id. at 170; see
also Patrick Collins, Inc. v. John Does 1-30, No. 12-3148, 2013 WL
1157840, at *3 (E.D. Pa. Mar. 21, 2013)[hereinafter "Patrick
Collins 1-30"] (severing defendants 2-30 and noting that early in
the litigation two different defenses had already been raised by
two separate defendants).

       However, in Malibu Media, LLC v. John Does 1-11, No. 12-
7726, 2013 U.S. Dist. LEXIS 52029 (D.N.J. Apr. 11, 2013)
[hereinafter, "Malibu Media 1-11"], the court found joinder to be
appropriate noting that with only eight defendants remaining in the
case, the logistical problems with joinder were not present.  Id.
at *13-14 n.4.  The Malibu Media 1-11 court further found that the
allegations in the complaint were sufficient at that stage of the
litigation to establish that joinder was appropriate.  Id. at *14-

---

7.  At least one court has noted the potential for coercion.  See
Ingenuity 13, LLC v. John Doe, No. 2:12-cv-8333, 2013 WL 1898633
(D.C.Cal. May 6, 2013)(finding plaintiff to be a shell company,
owned by the plaintiff's attorneys, formed solely to own
copyrights of pornographic movies for the purpose of bringing
suits against John Doe defendants to force coercive settlements,
sanctioning plaintiff's attorneys, referring the attorneys'
conduct to their respective state and federal bars, and referring
the attorneys' conduct to the United States Attorney and the
Criminal Investigation Division of the Internal Revenue Service).
Here, the copyright certificates attached to the eight complaints
list the respective Plaintifs as the authors of the respective
works.  (See, e.g., Complaint in 12-6611 [Doc. No. 1] Ex. B;
Complaint in 12-6633 [Doc. No. 1] Ex. B.)

15 n.4.  Specifically, the Malibu Media 1-11 court noted that:

> the Complaint in this matter alleges that defendants used
> the BitTorrent protocol to illegally copy plaintiff's
> Works. . . . Thus, the Complaint adequately alleges, at
> least at this stage of the litigation, that defendants
> participated in the same series of transactions or
> occurrences — that is, that defendants are logically
> related to one another "not merely because of their
> common use of the BitTorrent protocol, but because each
> [d]efendant affirmatively chose to download the same
> Torrent file that was created by the same initial seeder,
> intending to: 1) utilize other users' computers to
> download pieces of the [Works], and 2) allow his or her
> own computer to be used in the infringement by other
> peers and [d]efendants in the same swarm." As stated
> elsewhere in this [o]pinion, however, the [c]ourt and
> defendants may revisit the issue of joinder at a later
> date.

Id. at *16-17 n.4 (quoting Patrick Collins v. John Does 1-21, 282
F.R.D. 161, 165 (E.D. Mich. Apr. 5, 2012).  However, the Malibu
Media 1-11 court noted that "[i]f the discovery process reveals
disparate defenses as to each defendant, or reason to believe that
defendants did not participate in the same transaction giving rise
to the alleged infringement, the [c]ourt may, on motion or pursuant
to its inherent power, reconsider joinder's propriety at a later
stage of the proceedings." Id. at *18.  Likewise, in Malibu Media
1-5 a district judge in the Southern District of New York found
that the defendants participated in the same transaction or series
of transactions as required for joinder under Rule 20(a)(2)(A).
285 F.R.D. at 277.  In finding the same transaction, the Malibu
Media 1-5 court noted that "the pieces of the Film allegedly shared
by defendants are all traceable back to the same original file made
accessible by the same initial seeder" and that "because of the
nature of the BitTorrent protocol, each defendant's participation

15

in the swarm facilitated, even if only indirectly, the participation of the other defendants who followed in time." Id. at 277. The court further noted that "[t]he length of time over which defendants are alleged to have participated in the swarm--eighty-eight days--does not undermine the interrelated nature of their actions." Id. The Malibu Media 1-5 court noted that regardless of the time of the uploading of a file, the act of uploading a particular segment of the file relates that user to every other user in the swarm. The Malibu Media 1-5 court also addressed the discretionary considerations which other courts have considered in granting severance. Id. at 278. As to the potential for coercion, the court in Malibu Media 1-5 noted that because neither the plaintiff nor plaintiff's counsel were alleged to have been involved in such coercive tactics, the court was "reluctant to prevent plaintiff from proceeding with its case based only on a 'guilt-by-association' rationale." Id. As to the individualized defense issue, the court acknowledged that multiple defenses could be raised by the defendants, the court found that the consideration of such defenses was not appropriate at that stage of the proceedings, but stated that "[a]fter plaintiff has effected service on defendants and defendants have responded with any relevant defenses, we are free to determine whether the claims against a particular defendant should be severed pursuant to Federal Rule of Civil Procedure 21 and/or dismissed." Id. As to the logistical difficulties, the Malibu Media 1-5 court concluded that a case with only five defendants does not present the same

difficulties.  Id. at 278-79.  See also Patrick Collins 1-21, 282
F.R.D. 161 (finding joinder to be appropriate in a similar case and
noting that many of the cases finding joinder to be inappropriate
were factually or legally distinguishable or that the courts
finding joinder to be inappropriate failed to understand the unique
properties of the BitTorrent protocol).

   Having considered the case law and the submissions, the
Court finds joinder to be inappropriate.  Specifically, the Court
finds that the use of the BitTorrent protocol by Defendants in
these cases does not constitute a series of transactions or
occurrences necessary to meet the requirements for joinder under
Rule 20(a)(2)(A).  Here, the Court finds that the attenuated nature
of the relation between the John Doe Defendants in these cases does
not constitute the type of relation contemplated in Mosley v. Gen.
Motors Corp. or by Rule 20(a) generally.  Plaintiffs allege that
all Defendants used the BitTorrent protocol, that all Defendants
were part of the same swarm, and that Plaintiffs' investigator
downloaded a piece of the Motion Pictures from each Defendant.
(Griffin Declaration ¶¶ 15-18.)  Plaintiffs argue that "the
Defendants' infringement was committed through the same transaction
or through a series of transactions" and assert that "the algorithm
used by BitTorrent Trackers would have caused the entire series of
transactions to be different but for each of the Defendants'
infringements." (Pl.'s Response 4.)  Additionally, Plaintiffs cite
Patrick Collins 1-21 and argue that "each Defendant must have
downloaded the piece(s) each had on his or her computer in one, or

more, of the following four ways:

> 1) the Defendant connected to and transferred a piece of the Movie from the initial seeder; or
>
> 2) the Defendant connected to and transferred a piece of the Movie from a seeder who downloaded the completed file from the initial seeder or from other peers; or
>
> 3) the Defendant connected to and transferred a piece of the Movie from other Defendants who downloaded from the initial seeder or from other peers; or
>
> 4) the Defendant connected to and transferred a piece of the Movie from other peers who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.
>
> In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

(Pl.'s Response 6 (emphasis omitted) (quoting Patrick Collins 1-21, 2012 WL 1190840, at *4-5).)

The Court notes that Plaintiffs' argument does not take into consideration the fact that the initial seeder, other seeders, the various peers, and the Defendants may have participated in this swarm months apart from each other.  While the four categories of individuals, the initial seeder, the other seeders, the peers, and the Defendants, may be connected by the same initial seed file, the Court finds that this connection alone is not sufficient to establish joinder.  See Amselfilm, 2012 U.S. Dist. LEXIS 186476 (stating that "it is probable that different people within the same swarm never distributed a piece of the work to the same person or at the same moment in time").  Here, the Court follows the

18

reasoning in <u>Third Degree 1-131</u>:

> that a user participating in the same swarm is not the same transaction or occurrence or series of transactions or occurrences. The [c]ourt bases this finding on the fact that a particular swarm, including the swarm at issue in this case, can last for many months. During those months, the initial participants may never overlap with later participants.  Additionally, because pieces and copies of the protected work [may] be coming from various sources within the swarm, individual users might never use the same sources.

<u>Third Degree 1-131</u>, 280 F.R.D. at 498.  The Court notes that a "[p]laintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader." <u>Amselfilm</u>, 2012 U.S. Dist. LEXIS 186476 at *5 n.2.  Here, however, Plaintiffs have not made such allegations.  Moreover, in all but one of the eight cases, Plaintiffs observed the infringing activity of the first John Doe Defendant approximately three months before Plaintiffs observed the infringing activity of the last John Doe Defendant.  Such a gap in time between the infringing activities further supports the finding that the John Doe Defendants here were not engaged in the same series of transactions or occurrences.[8] Therefore, Plaintiffs have not demonstrated that joinder is proper.

Moreover, to permit joinder based on the similar file and the similar use of the BitTorrent protocol would create a

---

8.  Even in Civil No. 13-482, where the time between first and last infringing activity is approximately two weeks, the gap does not support Plaintiffs' argument that the John Doe Defendants participated in the same series of transactions or occurrences. Despite the shorter time between the infringing activities, there is nothing to connect the John Doe Defendants other than the software used and motion pictures downloaded.

potentially unlimited number of defendants to be joined. Due to
the technology of the BitTorrent protocol, every time another user
downloads the movie at issue, the number of potential defendants to
be joined increases. Furthermore, under the BitTorrent protocol,
users download a movie from other users, who previously downloaded
the movie from still other users. Therefore, a swarm can continue
to increase and there has been no showing of any limitation to the
number of defendants that could eventually be joined. While it is
true that "the doctrine of joinder must be able to adapt to the
technologies of our time," Malibu Media 1-5, 285 F.R.D. at *2
(citing Ginnett v. Computer Task Grp., Inc., 962 F.2d 1085, 1094
(2d Cir. 1992)), the Court concludes that joinder in this case
defeats the original purpose of the rule. As noted in Mosley, the
purpose of the rule permitting joinder "is to promote trial
convenience and expedite the final determination of disputes,
thereby preventing multiple lawsuits" and that "[s]ingle trials
generally tend to lessen the delay, expense and inconvenience to
all concerned." Mosley, at 1332. However, when the definition of
"transaction, occurrence, or series of transactions or occurrences"
is construed broadly to permit joinder on such a showing as
Plaintiffs presented here, the purpose of joinder is not being
served. Therefore, the Court finds that Plaintiffs have not
established a sufficiently related series of transactions to meet
the requirements of Rule 20(a)(2)(A).

    As noted in Third Degree Films 1-131, the arbitrary
nature by which Plaintiffs separate the in-state defendants from

the potential out-of-state defendants further demonstrates the problem with joinder in these cases.  280 F.R.D. at 498.  Like the court did in Third Degree Films 1-131, this Court "presumes many users from many other jurisdictions participated in this swarm." Id.  Therefore, this Court finds, as the court did in Third Degree Films 1-131, that "[b]ecause of the ease with which all of the various users can be separated, the [c]ourt finds it would be inconsistent to find a single transaction or occurrence for joinder based solely on [p]laintiff's litigation goals of bringing a single lawsuit against [New Jersey] defendants." Id. Consequently, the Court finds joinder under Rule 20(a) to be improper in this case.[9]

Moreover, even if the Court were to find that Plaintiffs have established a sufficiently related transaction or series of transactions to permit joinder under Rule 20(a), other considerations lead the Court to conclude that severance is appropriate.  First, the Court finds that the likelihood of individual defenses being raised by each John Doe Defendant supports severance.  As noted in Patrick Collins 1-30, before plaintiff had even discovered the identities of the John Doe defendants, two separate defenses had been raised, specifically that a defendant had not downloaded the copyrighted work and a separate personal jurisdiction defense.  2013 WL 1157840, at *3. Additionally, in In re BitTorrent Adult Film Copyright Infringement

---

9.  Having found that Plaintiffs have not met the requirements of FED. R. CIV. P. 20(a)(2)(A), the Court need not address whether Plaintiffs have met the requirements of FED. R. CIV. P. 20(a)(2)(B).

Cases, a magistrate judge in the Eastern District of New York noted
that:

> [t]he factual defenses presented are vastly different and
> highly individualized. One movant – John Doe # 16 -- has
> stated that he was at work at the time of the alleged
> download. John Doe # 2 states under oath that he closed
> the subject Earthlink account, which had been compromised
> by a hacker, before the alleged download. [] John Doe #
> 29's counsel represents that his client is an
> octogenarian with neither the wherewithal nor the
> interest in using BitTorrent to download *Gang Bang
> Virgins*. [] John Doe # 10 represents that downloading a
> copy of this film is contrary to her "religious, moral,
> ethical and personal views." [] Equally important, she
> notes that her wireless router was not secured and she
> lives near a municipal parking lot, thus providing access
> to countless neighbors and passersby.

2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012). The cases at issue
here include a number of defendants, ranging from 28 to 105
defendants in each case, and will likely include an array of
individual defenses. See Next Phase 1-27, 284 F.R.D. at 170
(finding that because of the potential for numerous different
defenses, "case management and the litigation process for the 27
individual John Does would quickly become complicated and
unmanageable.")

        Second, the Court finds that even if the John Doe
Defendants do not raise different individual defenses, the proofs
necessary to establish that a person associated with an IP address
is the person who allegedly violated the copyright will be
different for each defendant.  The proofs necessary for an
individual defendant owning one computer with a secure wireless
router may differ from the proofs necessary for a defendant who
lives with many people and has an unsecured router.  As this Court

has previously noted, the discovery of the name connected to an IP address alone is not a sufficient basis upon which to establish that a person connected to the IP address is in fact the person who violated Plaintiffs' copyright. Malibu Media v. John Does 1-18, No. 12-7643, [Doc. No. 14] (Apr. 11, 2013).  Therefore, as Plaintiffs must establish that each person identified by the IP address is in fact the person who committed the alleged infringement and as the proofs necessary to meet this requirement will be different for each Defendant, the Court finds that joinder will not promote judicial efficiency.

Third, the Court finds that logistical difficulties present in a case involving numerous defendants further weighs against joinder. See Malibu Media 1-5, 285 F.R.D. at 278-79 (noting the potential for logistical difficulties, but finding that a case with only five defendants does not raise such concerns).  In light of the number of defendants, the Court agrees with the court in Amselfilm and notes that "[n]ot only would normal routine case management be problematic, but [in some instances] it would be physically impossible for every party to appear in court should they so choose."  2012 U.S. Dist. LEXIS 186476, at *5 n.4  The Next Phase 1-27 court, specifically set forth these problems:

> [e]ach [d]efendant would have the right to be present at every other [d]efendant's depositions — a thoroughly unmanageable and expensive ordeal. Similarly, pro se [d]efendants, who most likely would not e-file, would be required to serve every other [d]efendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost.

23

284 F.R.D. at 170 (quoting <u>Pacific Century Int'l, Ltd. v. Does 1-101</u>, No. 11-cv-2533, 2011 WL 5117424, at *3 (N.D.Cal. Oct. 27, 2011).  Consequently, based on the likelihood of multiple unique defenses, the different proofs Plaintiffs must establish to prove that each Defendant downloaded the Motion Pictures, and the logistical difficulties presented by joinder, the Court finds joinder to be inappropriate in this case.

Having found the requirements for permissive joinder under Rule 20(a) to be absent in these cases and having also concluded that the discretionary considerations do not support joinder, the Court now addresses the remedies for misjoinder. FED. R. CIV. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED R. CIV. P. 21. As noted above, when the Court drops a party, "the 'statute of limitations is not tolled' because we treat the initial complaint 'as if it never existed.'" <u>DirecTV, Inc. v. Leto</u>, 467 F.3d at 845 (quoting <u>Brennan</u>, 407 F.3d at 606.) However, when a claim is severed, "the statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." <u>Id.</u> The Court finds severance of Plaintiffs' claims to be the appropriate remedy for misjoinder. <u>See</u> <u>DirecTV, Inc. v. Chorba</u>, No. 3:CV-03-0843, 2003 WL 24178469, at *3 (M.D. Pa. Oct. 16, 2003)(finding that dropping a defendant

24

is "tantamount to dismissal" and using severance as a remedy for misjoinder so as not to prejudice plaintiff's ability to assert claims against the severed defendants.)   Therefore, the Court severs Plaintiffs' claims as to each Defendant in the eight cases captioned above.

CONSEQUENTLY, for the reasons set forth herein and for good cause shown,

IT IS on this 13th day of June 2013,

**ORDERED** that the claims as to all John Doe Defendants in the cases captioned above shall be, and are hereby, severed; and it is further

**ORDERED** that Civil Nos. 12-6611, 12-6633, 13-482, 13-483, 13-484, 13-485, 13-486, and 13-487 shall proceed against the respective John Doe 1 Defendants only; and it is further

**ORDERED** that the claims against the remaining John Doe Defendants shall proceed under a separate action for each John Doe Defendant, each with its own unique civil action number, upon Plaintiffs' payment of a filing fee as to each John Doe Defendant.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE


cc:  Hon. Joseph H. Rodriguez
     Hon. Noel L. Hillman